UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BONUTTI RESEARCH, INC.,<br><br>      Plaintiff, Counterclaim-Defendant,<br><br>      v.<br><br>FONAR CORPORATION, HEALTH MANAGEMENT CORPORATION OF AMERICA, INC., and HEALTH DIAGNOSTICS, LLC,<br><br>      Defendants, Counterclaim-Plaintiffs. | Case No. 2:11-cv-05907-JFB-GRB<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S REPLY TO DEFENDANTS' COUNTERCLAIMS**

Plaintiff Bonutti Research, Inc. ("Bonutti"), hereby replies to the Counterclaims asserted by Defendants Fonar Corporation ("Fonar"), Health Management Corporation of America, Inc. ("HMCA"), and Health Diagnostics, LLC ("HD"), as follows:

**GENERAL DENIAL**

Bonutti denies each and every allegation, matter, or thing contained in the Counterclaims that is not expressly admitted, qualified, or answered herein.

**PARTIES**

1. Bonutti is without sufficient personal knowledge and information to admit or deny the allegations in paragraph 1 of the Counterclaims, and on that basis, denies them.

2. Bonutti is without sufficient personal knowledge and information to admit or deny the allegations in paragraph 2 of the Counterclaims, and on that basis, denies them

3. Bonutti is without sufficient personal knowledge and information to admit or deny the allegations in paragraph 3 of the Counterclaims, and on that basis, denies them

Case 2:11-cv-05907-JFB-GRB   Document 16   Filed 09/07/12   Page 2 of 5 PageID #: 87

4. Bonutti admits the allegations in paragraph 4 of the Counterclaims.

## JURISDICTION AND VENUE

5. Bonutti admits that Fonar, HMCA, and HD purport to bring this action under the Patent Laws of the United States, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, but denies all other allegations contained in paragraph 5 of the Counterclaims.

6. Bonutti admits that the court has jurisdiction over the subject matter of Fonar's, HMCA's, and HD's counterclaims, but otherwise denies all of the remaining allegations in paragraph 6 of the Counterclaims.

7. Bonutti admits that venue is proper in this Court, but otherwise denies all of the remaining allegations in paragraph 7 of the Counterclaims.

8. Bonutti admits that the court has personal jurisdiction over Bonutti, but otherwise denies all remaining allegations in paragraph 8 of the Counterclaims.

## COUNTERCLAIM I: DECLARATORY JUDGMENT OF NON-INFRINGEMENT

9. Bonutti repeats and incorporates paragraphs 1-8 of this Reply as though fully set forth herein, but otherwise denies all of the remaining allegations in paragraph 9 of the Counterclaims.

10. Bonutti admits that it alleged in the Complaint that it was the owner by assignment of U.S. Patent No. 6,882,877 ("the '877 Patent"). Since that time, rights in the '877 Patent and this case have been transferred to Bolt MRI Technologies LLC. A motion will be filed shortly to reflect the real parties at interest. Otherwise, Bonutti denies all of the remaining allegations in paragraph 10 of the Counterclaims.

2

NY 74124616

11. Bonutti admits that it has asserted the '877 Patent against Fonar, HMCA, and HD, and that Fonar, HMCA, and HD infringe at least claims 15, 16, 18, and 19 of the '877 Patent, but otherwise denies all of the remaining allegations in paragraph 11 of the Counterclaims.

12. Bonutti denies the allegations in paragraph 12 of the Counterclaims.

13. Bonutti admits that an actual controversy exists as to whether Fonar, HMCA, and HD infringe at least claims 15, 16, 18, and 19 of the '877 Patent, but otherwise denies all of the remaining allegations in paragraph 13 of the Counterclaims.

14. Bonutti admits that HMCA and HD, but not Fonar, have purported to seek a declaration by this Court that Fonar, HMCA, and HD do not infringe claims 15, 16, 18, and 19 of the '877 Patent, but otherwise denies all of the remaining allegations in paragraph 14 of the Counterclaims.

## COUNTERCLAIM II: DECLARATORY JUDGMENT OF INVALIDITY

15. Bonutti repeats and incorporates paragraphs 1-14 of this Reply as though fully set forth herein, but otherwise denies all of the remaining allegations in paragraph 15 of the Counterclaims.

16. Bonutti admits that the '877 Patent is valid and enforceable, but otherwise denies all of the remaining allegations in paragraph 16 of the Counterclaims.

17. Bonutti denies the allegations in paragraph 17 of the Counterclaims.

18. Bonutti admits that an actual controversy exists as to whether claims 15, 16, 18, and 19 of the '877 Patent are invalid, unenforceable and/or void, but otherwise denies all of the remaining allegations in paragraph 18 of the Counterclaims.

19. Bonutti admits that Fonar, HMCA, and HD have purported to seek a declaration by this Court that claims 15, 16, 18, and 19 of the '877 Patent are invalid, unenforceable and/or

void, but otherwise denies all of the remaining allegations in paragraph 19 of the Counterclaims.

## RESPONSE TO FONAR'S, HMCA'S, AND HD'S PRAYER FOR RELIEF

Bonutti denies that Fonar, HMCA, and/or HD are/is entitled to any of the relief requested in the Counterclaims.

## RESPONSE TO FONAR'S, HMCA'S, AND HD'S JURY DEMAND

Bonutti admits that the Counterclaims contain a jury demand.

## AFFIRMATIVE DEFENSES

1. Fonar, HMCA, and HD fail to state a claim upon which relief can be granted.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Bonutti respectfully requests this Court enter a judgment against Fonar, HMCA, and HD as follows:

A.   That Fonar, HMCA, and HD take nothing from their Counterclaims and that Fonar's, HMCA's, and HD's Counterclaims be dismissed with prejudice;

B.   That Bonutti be awarded its costs and expenses including reasonable attorney fees in defending against Fonar's, HMCA's, and HD's Counterclaims; and

C.   That the Court award such other relief as the Court deems proper.

Dated: September 7, 2012

By: /s/ *Brian M. Rothery*
STROOCK & STROOCK & LAVAN LLP
Brian M. Rothery
Steven B. Pokotilow
Laura Goldbard George
180 Maiden Lane
New York, NY 10038
(212) 806-5400
brothery@stroock.com

*Attorney for Plaintiff, Counterclaim-Defendant Bonutti Research, Inc.*

4

## CERTIFICATE OF SERVICE

I, Ellen G. Brier, hereby certify that on the 7th day of September, 2012, the **Plaintiff's Reply To Defendant's Counterclaims** was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service upon the following parties and participants:

*Attorney for Defendants:*
Annie Huang, Esq.
Robins, Kaplan, Miller & Ciresi
601 Lexington Ave.
Suite 3400
New York, NY  1022
ahuang@rkmc.com

*s/ Ellen G. Brier*
Ellen G. Brier
Paralegal